UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| MARISOL FLORES, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:09-CV-1829 (JCH) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, Commissioner | : | DECEMBER 9, 2010 |
| of the Social Security Administration, | : | |
| Defendant. | : | |

**RULING RE: PLAINTIFF'S OBJECTION TO RECOMMENDED RULING (Doc. No. 25)**

**I.      INTRODUCTION**

Plaintiff, Marisol Flores ("Flores"), brings this action pursuant to 42 U.S.C. § 405(g), requesting review of a final decision by the defendant, Michael J. Astrue, the Commissioner of the Social Security Administration ("the Commissioner"), that Flores is not disabled and therefore not entitled to Supplemental Security Income or Social Security Disability Benefits.  On September 24, 2010, Magistrate Judge Holly B. Fitzsimmons issued a Recommended Ruling, denying Flores's Motions to Remand and Reverse the Commissioner's decision and granting the Commissioner's Motion to Affirm.  See Doc. Nos. 12, 13, 18, 20.  Flores subsequently objected to Judge Fitzsimmons' Recommended Ruling.  See Doc. No. 25.  For the following reasons, the court affirms, adopts, and ratifies the Magistrate Judge's Recommended Ruling.

**II.     STANDARD OF REVIEW**

As a preliminary matter, a district court reviews, de novo, those portions of a Magistrate Judge's Recommended Ruling to which an objection is made. The court may adopt, reject, or modify, in whole or in part, the Magistrate Judge's Recommended

1

Ruling. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

In review of a Social Security disability determination, a court will set aside the decision of the administrative law judge ("the ALJ") "only where it is based upon legal error or is unsupported by substantial evidence." Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). As the Supreme Court has instructed, substantial evidence means more than a "mere scintilla." See Richardson v. Perales, 402 U.S. 389, 401 (1971). Rather, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Further, the substantial evidence rule also applies to inferences and conclusions that are drawn from findings of fact. See Gonzalez v. Apfel, 23 F. Supp. 2d 179, 189 (D. Conn. 1998). In its review, a court may not decide facts, re-weigh evidence, or substitute its judgment for that of the Commissioner. See Reyes v. Harris, 486 F. Supp. 1063, 1067 (S.D.N.Y. 1980). Under this standard of review, a court must uphold the ALJ's findings, even if the record "may also adequately support contrary findings on particular issues, . . . so long as they are supported by substantial evidence." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010).

### III. DISCUSSION[1]

Judge Fitzsimmons conducted a careful and thorough review of the record in this case and found that, in all respects, the ALJ's determination was based on substantial evidence. See Recommended Ruling 35-36 (Doc. No. 20). In making this determination, the ALJ rejected Flores's personal account of her symptoms and the limitations they placed on her ability to work. See Tr. at 17-18. Flores objects to the

---

[1] The court assumes familiarity with the case. A detailed explication of the underlying facts can be found in Judge Fitzsimmons' Recommended Ruling (Doc. No. 20).

2

Magistrate Judge's determination that the ALJ appropriately assessed the medical evidence and Flores's credibility, and Flores seeks this court's review of that determination. For the reasons stated below, the court agrees with Judge Fitzsimmons that the ALJ's findings are supported by substantial evidence in the record.

### A. Limitation of Medical Evidence

Flores's principal argument, expressed in various particulars, is that the ALJ's determination that Flores is not disabled is not supported by the record. Specifically, Flores argues that the ALJ mischaracterizes the evidence for and against her status as disabled. See generally Pl.'s Objection to Recommended Ruling (Doc. No. 25). Flores directs this court to dozens of pages throughout the transcript that allegedly support her contention that she experienced disabling back pain. See id. at 3; Pl.'s Mem. in Support of Mot. to Reverse 5-8 (Doc. No. 12-1).

As Judge Fitzsimmons states, the ALJ's ruling is "not a model of clarity." Recommended Ruling 29. However, the court agrees with the Magistrate Judge that the ALJ's decision is supported by substantial evidence in the record.

The ALJ initially acknowledges that the evidence on the record demonstrated an underlying impairment, which could reasonably be expected to produce Flores's alleged pain and disability. Id. at 17. Therefore, in order for the ALJ to deny Flores's claim, all of the medical evidence had to be weighed prior to a determination. See 20 C.F.R. 416.929(c)(3); Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *1 (July 2, 1996). This court need not consider whether the ALJ's decision is the correct one, but only whether the ALJ considered all of the evidence, and whether the ALJ's final decision is supported by substantial evidence. Genier, 606 F.3d at 49.

The ALJ clearly examined the evidence in question, as indicated by her references to Flores's history of back trouble, abnormal straight leg raises, and limitations on her spinal motion. Tr. at 18. The ALJ also referred to Flores's history of medication and treatment, including the use of epidural injections. Id. After such consideration the ALJ, determined that Flores was not disabled. The ALJ explained that she gave "great weight" to the opinion of Dr. Bovender, the testifying physician. Id. Dr. Bovender, a specialist in orthopedics, reviewed the record and concluded that the evidence does not support Flores's claim of disability. Id. In light of the lack of any contrary opinion by another physician (including Flores's treating physicians), this reliance was wholly appropriate. Cf. Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003) (finding that the ALJ had erred by not granting "controlling weight" to the claimant's treating physician); Rosa v. Callahan, 168 F.3d 72, 80-83 (2d Cir. 1999) (remanding in light of the ALJ's failure to properly consider conflicting opinions between treating physician and consulting physicians).

Reviewing the record, the court finds that the ALJ's account of the record and her determination that Flores was not disabled are supported by substantial evidence.

B.  Failure to Credit Plaintiff's Description of Pain and Daily Activities

Flores additionally objects to the ALJ's "mere recitation of [plaintiff's] testimony concerning her daily activities without an evaluation of its veracity or probativeness." Pl.'s Objection 4. However, this is simply inaccurate. The ALJ explicitly considered Flores's description of her daily activities and implicitly rejected it as inconsistent with the objective medical evidence. See Tr. at 17-18.

Flores is correct that the ALJ is not permitted to ignore or dismiss a claimant's

4

description of her symptoms, even if they are not substantiated by the medical record. See Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *1. However, the ALJ is not required to find this account determinative, but rather must weigh the claimant's report against the objective medical evidence and any other relevant evidence on the record. Id.; see also Genier, 606 F.3d at 49. As discussed, supra, the ALJ found Dr. Bovender's analysis of the record to be very persuasive and found that it contradicted Flores's description of her alleged disability.

On review, this court cannot substitute its judgment for that of the ALJ. The ALJ's decision to reject Flores's account of her pain as not credible is supported by substantial evidence, specifically by Dr. Bovender's testimony, which is consistent with the medical record. Therefore, the ALJ's determination that Flores was not disabled, despite her statements to the contrary, is supported by substantial evidence.

## V. CONCLUSION

For the foregoing reasons, the court affirms, adopts, and ratifies the Magistrate Judges' Recommended Ruling (Doc. No. 20) denying plaintiff's Motion to Reverse (Doc. No. 12) and Motion to Remand (Doc. No. 13) and granting defendant's Motion to Affirm (Doc. No. 18).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 9th day of December, 2010.

       /s/ Janet C. Hall
       Janet C. Hall
       United States District Judge